# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW ESTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1220-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability(SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the final decision of the Commissioner.

**I.    Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD and SSI alleging disability beginning December 25, 2007, when he was 19 years old. (R. 15, 146-55). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges that the Administrative Law Judge (ALJ) erred in assessing his residual functional capacity (RFC) because the ALJ accorded "substantial weight" to the medical opinion of Dr. Witt, but failed to include a mental limitation in his RFC assessment which Dr. Witt had included in his opinion of Plaintiff's limitations. He also argues that the ALJ erred in his credibility analysis of Plaintiff's allegations of symptoms resulting from his impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Although both a credibility determination and evaluation of the weight accorded to a medical opinion will affect an ALJ's RFC assessment, the court will address the issues in the order they were raised in Plaintiff's Brief.

## II.     Failure to Include Dr. Witt's Limitations in the RFC Assessed

Plaintiff claims the ALJ erred when he purported to accord "substantial weight" to Dr. Witt's medical opinion but failed to include in the RFC he assessed a moderate limitation in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, as opined by Dr. Witt. (Pl. Br. 10-13) (citing Soc. Sec. Ruling (SSR) 96-8p; McLeland v. Astrue, No. 07-1233-MLB, 2009 WL 348290 (D. Kan. Feb. 11, 2009); Anderson v. Barnhart, No. 06-1182-WEB, 2007 WL 1223992 (D. Kan. March 20, 2007); Bosch v. Barnhart, No. 05-1289-MLB, 2006 WL 4045924 (D. Kan. Jun. 5, 2006); Brown v. Comm'r of Soc. Sec. Admin., 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003), for the proposition that remand is necessary where an ALJ purports to base his RFC findings on a state agency assessment but fails to explain why his findings are

4

inconsistent with the assessment). He then argues that because the ALJ failed to include Dr. Witt's limitation on the ability to get along with coworkers or peers, the ALJ also propounded an erroneous hypothetical to the vocational expert. The Commissioner argues that, unlike the cases cited by Plaintiff, the ALJ here explained why he did not include a limitation for Plaintiff's interaction with coworkers and peers, and gave the Plaintiff the benefit of the doubt in concluding that he was limited to only occasional interaction with the public. (Comm'r Br. 20). Plaintiff argues in his reply that the Commissioner's reference to the ALJ's step three analysis regarding coworkers, peers, and the public does not address the ALJ's treatment of the medical opinions. (Reply 1).

As Plaintiff argues, SSR 96-8p includes narrative discussion requirements for the ALJ's RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2013). The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved, and it must include consideration of the credibility of plaintiff's allegations of symptoms and consideration of medical opinions regarding plaintiff's capabilities. Id. at 149-50. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. Id. at 150.

Here, the ALJ included a narrative discussion in his decision which fulfills the requirements of SSR 96-8p. (R. 18-24). The fact that a portion of the narrative discussion occurred in the ALJ's step three discussion is merely a product of the fact that Plaintiff's condition includes mental impairments which must be assessed by application of the Commissioner's special psychiatric review technique beginning at steps two and three of the sequential evaluation process. 20 C.F.R. §§ 404.1520a, 416.920a. Judicial review of the Commissioner's decisions is concerned more with the substance than the form the decision takes, and the questions to be answered here are whether the ALJ provided a narrative discussion of Plaintiff's RFC which met the legal standard of SSR 96-8p, and whether as a part of that narrative discussion he explained the weight accorded Dr. Witt's medical opinion and the reasons for that weight. The answer to both questions is yes.

Plaintiff is correct that remand is necessary where an ALJ purports to base his RFC findings on a particular medical opinion but fails to explain why his findings are inconsistent with that opinion. However, that is not what happened in this case. Contrary to Plaintiff's argument, the ALJ did not "purport[] to rely on" Dr. Witt's opinion. (Pl. Br. 11). He did not adopt the opinion or state that his RFC assessment was based on the opinion. Rather, he accorded "substantial weight" to the opinion, and stated that Dr. Witt "determined that the claimant was capable of <u>performing work consistent with</u> the mental limitations established" in the RFC assessed in the ALJ's decision. (R. 23) (emphasis added). Standing alone, the ALJ's statements that Dr. Witt's opinion is internally

6

consistent, consistent with the evidence as a whole, and well-supported suggests that the ALJ accepted the opinion completely. However, those statements do not stand alone. The ALJ specifically stated that he accorded the opinion "substantial weight," suggesting that portions of the opinion had not been accepted. (R. 23). Earlier in his decision, the ALJ had accorded "substantial weight" to Dr. Nystrom's opinion, specifically noting that Dr. Nystrom opined that Plaintiff was capable of "maintaining appropriate social interaction with coworkers, supervisors, and the general public." (R. 21).

Moreover, in his discussion of the broad mental area of social functioning, the ALJ had already explained in some detail his evaluation of Plaintiff's ability to interact with coworkers, supervisors, and the general public:

> In social functioning, the claimant has moderate difficulties. The claimant reported on a <u>Function Report- Adult</u> that he has problems getting along with others, though further noted that he is able to spend time with others talking, watching television and playing board games (Exhibit 6E/5). Further, progress notes from Cowley County Mental Health dated September 23, 2009 reveal that the claimant reported that he had "lots of friends" and denied isolating or being withdrawn (Exhibit 21F/2). Results of a mental status examination conducted as recently as June 2, 2010 assessed the claimant with a Global Assessment of Functioning (GAF) score of 55 (Exhibit 21F/18). According to the Diagnostic and Statistical Manual of Mental Disorders a GAF rating in ranging [sic] from 51 to 60 is indicative of moderate symptoms in social, occupational, or school functioning. <u>While the claimant may not be suited for work that requires more than occasional interaction with the general public, the residual functional capacity has been reduced to allow for such limitations.</u>

(R. 19) (emphasis added).

Finally, the ALJ explained the RFC limitations he found in a paragraph beginning on page 21 and ending on page 22 of the decision. In the conclusion to that paragraph, he

7

explained the social limitations he assessed for Plaintiff: "Taking into consideration the claimant's difficulty with social interaction and concentration, the residual functional capacity has been further reduced to simple, unskilled work with only occasional contact with the general public." (R. 22). The court finds that, in context, it is clear that the ALJ provided a proper narrative discussion in which he did not merely rely on Dr. Witt's opinion but rather explained the weight accorded to that opinion, and the reasons for that weight. Plaintiff has shown no error in the ALJ's evaluation of Dr. Witt's opinion.

## III. Credibility

Plaintiff admits that the ALJ performed a credibility analysis, discussing numerous factors relating to credibility, but argues that the analysis "is still deficient because [the ALJ] mischaracterized some of the evidence and made assumptions that are not supported by the evidence." (Pl. Br. 15). In pages fifteen through seventeen of his brief, Plaintiff points to five of the reasons given by the ALJ to discount the credibility of Plaintiff's allegations of symptoms, points to additional evidence regarding each of those reasons, and argues that the ALJ should have reached a different decision with regard to each reason.

The court's review of an ALJ's credibility determination is deferential. Credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not

be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

In reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston, 838 F.2d at 1133); Hackett, 395 F.3d at 1173 (same).

Giving the ALJ's credibility determination the deference it is due, the court finds no error. Plaintiff's credibility arguments merely ask the court to reweigh the evidence and substitute its credibility judgments for those of the ALJ. That is something it may not do. Bowman, 511 F.3d at 1272 (The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency.") (quoting Casias, 933 F.2d at 800); accord, Hackett, 395 F.3d at 1172. For example, in Plaintiff's first credibility argument she acknowledges that one reason the ALJ provided in support of his credibility determination was that no physician ever placed a restriction on Plaintiff's sitting ability. Plaintiff does not deny this finding. Rather, she argues that there is no indication that any physician was asked if Plaintiff had sitting limitations, and that the "sitting" activities relied upon by the ALJ "can be performed in a reclined position, or even lying down." (Pl. Br. 16). None of this is a basis to find error in the reason given by the ALJ.

Physicians frequently place restrictions on their patient's activities without being asked whether the patient is subject to limitations. The fact that none did so in this case is one factor suggesting that Plaintiff's allegations are not credible.

Moreover, the fact that "sitting" activities might be performed while reclining or lying down does not change the fact that they are "sitting" activities. Plaintiff does not point to record evidence that he, in fact, consistently performed these activities while reclining or while lying down. Plaintiff merely asks the court to determine that the factor relied upon by the ALJ "might" not support the ALJ's credibility finding, and to interpose its own credibility finding. But, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted). Plaintiff's remaining credibility arguments are to the same effect, and the court will not belabor the point.

Plaintiff has shown no error in the decision at issue.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 6th day of November 2013, at Kansas City, Kansas.

                                                s:/ John W. Lungstrum  
                                                **John W. Lungstrum**  
                                                **United States District Judge**